**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (admitted *pro hac vice*)
701 Brickell Ave., Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com
         sbeck@bursor.com

*Counsel for Plaintiff*

**KELLER & HECKMAN. LLP**
Robert S. Niemann (State Bar No.87973)
Natalie E. Rainer (State Bar No. 252456)
Three Embarcadero Center, Suite 1420
San Francisco, CA 94111
Telephone: (415) 948-2800
E-Mail: Niemann@khlaw.com
E-Mail: Rainer@khlaw.com

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| AERIN MURPHY, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>MOM ENTERPRISES, LLC d/b/a MOMMY'S BLISS,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 5:22-cv-01205-BLF<br><br>**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**<br><br>Date:  June 16, 2022<br>Time:  11:00am<br>Location:  Court 3<br>Hon. Beth Labson Freeman |

Plaintiff Aerin Murphy ("Plaintiff") and Defendant MOM Enterprises, LLC d/b/a Mommy's Bliss ("Defendant") (collectively, the "Parties") met and conferred on June 7, 2022 and, pursuant to Fed. R. Civ. P. 26(f) and the Court's March 10, 2022 Order (ECF No. 10), hereby submit the following Joint Discovery Plan:

**1.      Jurisdiction and Service**

Plaintiff filed her complaint on February 25, 2022.  ECF No. 1.  Defendant accepted service of the Complaint on March 8, 2022.  ECF No. 6. This court has subject matter jurisdiction over this action under 28 U.S.C § 1332(d)(2)(A). No other parties remain to be served. The Parties agree that there are no outstanding issues related to jurisdiction or venue.

**2.      Facts**

**A.      Plaintiff's Statement**

This is a consumer class action lawsuit against Defendant for the manufacture, distribution, and sale of a number of Defendant's gripe water products, including Mommy's Bliss Gripe Water Original, Mommy's Bliss Gripe Water Nighttime, Mommy's Bliss Gripe Water Gel, and Mommy's Bliss Gripe Water Gel Nighttime (collectively the "Products"). Defendant promotes the Products as effective herbal remedies to address symptoms associated with colic in newborn babies.  However, none of the Products' ingredients have been shown to provide the advertised benefit. Clinical studies have found that gripe water is ineffective for treating colic in newborns. Each consumer who has purchased the Products has been exposed to Defendant's misleading advertising.

**B.      Defendant's Statement**

Mommy's Bliss Gripe Water is a Traditional Dietary Supplement that is safe and effective. Gripe Water has been sold for over 20 years by Mommy's Bliss.  Gripe Water formulations have been utilized as an infant stomach discomfort remedy for centuries.  The Mommy's Bliss product has been substantiated, but like all dietary supplements some consumers may not experience benefits.

### 3. Legal Issues

#### A. Plaintiff's Statement

Plaintiff brings claims for (i) violation of the California Consumer Legal Remedies Act, Civil Code §§ 1750, *et seq.*, (ii) violation of California's Unfair Competition Law, Bus. & Profs. Code §§ 17200, *et seq.*, (iii) violation of California's False Advertising Law, Bus. & Profs. Code §§ 17500, *et seq.*, (iv) breach of express warranty, (v) breach of implied warranty of fitness for a particular purpose, and (vi) unjust enrichment.

#### B. Defendant's Statement

Mommy Bliss Gripe water is a dietary supplement, not an FDA approved drug. Mommy's Bliss has substantiation to support their claims that Gripe Water relieves occasional stomach discomfort in infants. The labeling on Mommy's Bliss Gripe Water clearly states that the product has not been evaluated by the FDA; and is not intended to diagnose, treat, cure, or prevent disease. There is a significant standing issue as to plaintiff's claim that the product did not work as claimed.

### 4. Motions

No substantive motions have been filed. Plaintiff anticipates filing a motion for class certification as outlined in further detail below.

### 5. Amendment of Pleadings

Defendant has answered Plaintiff's Complaint. ECF No. 13. No further amendment of the pleadings is anticipated.

### 6. Evidence Preservation

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps necessary to preserve evidence relevant to the issues in this action.

### 7. Disclosures

The Parties have agreed to exchange initial disclosures on or before June 23, 2022

**8.     Discovery**

**A.     Plaintiff's Statement**

Plaintiff intends to serve written discovery requests following the Case Management Conference. The parties agree to serve all discovery requests and responses via email. Plaintiff anticipates seeking discovery regarding, among other things, the following: (1) all labeling, advertising, and marketing of the Products; (2) the ingredients of the Products; (3) all testing of the Products; (3) all communications with consumers regarding advertised claims of the Product; (4) all internal communications regarding the labeling, advertising, and marketing of the Products; (5) documents related to the retail sales of the Products; and (6) documents supporting the affirmative defenses raised by Defendant.

**B.     Defendant's Statement**

Defendants have already sent written discovery to the plaintiffs that will take effect after the Case Management Conference.  The discovery consists of document requests and interrogatories focused on the use of the products.

**9.     Class Actions**

This action is being brought as a class action under Fed. R. Civ. P. 23. Plaintiff seeks to represent the following classes:

**Nationwide Class:**

All persons within the United States who purchased the Products anywhere in the United States during the Class Period.

**California Subclass:**

All persons in the state of California who purchased the Products during the Class Period.

The Parties will propose the following schedule for the class certification motion:

(1) Plaintiff will file her motion for class certification by March 23, 2023;

(2) Defendant will file its opposition to class certification by April 20, 2023; and

(3) Plaintiff will file her reply in support of class certification by May 18, 2023.

This proposal assumes that discovery commences promptly. If the discovery is delayed, Plaintiff may ask the court to amend the above schedule. All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**10.     Related Cases**

The Parties are not aware of any related cases.

**11.     Relief**

Plaintiff seeks monetary damages, treble damages, punitive damages, injunctive relief, and Plaintiff's costs and expenses including reasonable attorney's fees, costs, and expenses.

**12.     Settlement and ADR**

The parties remain open to settlement discussions to resolve the claims.

**13.     Consent to Magistrate Judge for All Purposes**

Plaintiff filed a declination to proceed before a magistrate judge on March 8, 2022.

**14.     Other References**

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The Parties are presently unaware of any stipulations or agreements that could narrow the issue at this time.

**16.     Expedited Trial Procedure**

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

**17.     Scheduling**

The Parties respectfully submit that they will be in a better position to propose a pre-trial schedule after resolution of Plaintiff's anticipated motion for class certification. The Court's decision on class certification will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class-wide claims. Therefore, the Parties propose that the Court schedule a case management conference approximately

30 days after it issues an order on Plaintiff's motion for class certification and require the Parties to meet and confer regarding the remainder of the pre-trial schedule at that time.

**18.    Trial**

The Parties request a jury trial. The Parties anticipate that a trial in this matter would last approximately 7-10 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

None.

**20.    Professional Conduct**

Counsel for the parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of the matter.

Dated: June 9, 2022                              Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    /s/ L. Timothy Fisher

L. Timothy Fisher (State Bar No. 191626)
1990 N. California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)
Stephen A. Beck (*pro hac vice* forthcoming)
701 Brickell Ave., Suite 1420
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: swestcot@bursor.com
         sbeck@bursor.com

*Counsel for Plaintiff*

Dated: June 9, 2022                                         Respectfully submitted,

                                                            **KELLER AND HECKMAN LLP**

                                                            By:  _/s/ Robert S. Niemann_____

                                                           Robert S. Niemann (SBN 87973)
                                                           Natalie E. Rainer (SBN 252456)
                                                           Three Embarcadero Center, Suite 1420
                                                           San Francisco, CA 94111
                                                           Tel: (415) 948-2800
                                                           Email: niemann@khlaw.com
                                                           Email: rainer@khlaw.com

                                                           *Counsel for Defendant MOM Enterprises, LLC*
                                                           *d/b/a Mommy's Bliss*

### SIGNATURE ATTESTATION

Pursuant to Civil L.R. 5-1(h)(3), the filer of this document attests that all signatories have concurred in its filing.

Dated: June 9, 2022                                         By:   _/s/ L. Timothy Fisher_____
                                                                                         L. Timothy Fisher

                                                                                     *Counsel for Plaintiff*